Argued March 25; affirmed April 21; rehearing denied June 2, 1931

# KIRKLEY *v.* PORTLAND ELECTRIC POWER CO.

### (298 P. 237)

*Cassius R. Peck,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellant.

*Nicolas Jaureguy,* of Portland (Cake, Cake, Jaureguy & Tooze, of Portland, on the brief), for respondent.

KELLY, J. Two assignments of error are urged in defendant's brief.

The first assignment is that the trial court erred in refusing to give the following instruction as requested by the defendant:

"The plaintiff admits that the lower half of the windshield was at the time of the accident covered with nontransparent sleet, and therefore the plaintiff was guilty of negligence as a matter of law."

This requested instruction is based upon the provisions of paragraph (f) of subdivision 20 of section 1 of chapter 217 of General Laws for 1927, pp. 264, 271, which provides:

"(f) It shall be unlawful for any person to drive any vehicle upon a highway with any sign, poster or other nontransparent material upon the front windshield, side wings, side or rear windows of such motor vehicle other than a certificate or other paper required to be displayed by law."

■ In construing this provision of the statute, we apply the rule of ejusdem generis, in accordance wherewith such terms as "other", "other thing", "others", or "any other", when preceded by a specific enumeration, are commonly given a restricted meaning and limited to articles of the same nature as those previously described: 25 R. C. L. 997, section 240, note 18, 36 Cyc. 1120, note 45.

■■ In thus construing the statute, we hold that sleet, which attaches to the windshield of an automobile, is not within the purview thereof. No error was committed in refusing to give the requested instruction above quoted.

■ The second assignment is that the trial court erred in refusing to give the following instruction as requested by the defendant:

"If you find from the evidence that a reasonably prudent automobile driver under the circumstances would have had the automobile under such control as to have enabled the same to have been stopped within the range of the driver's vision, and if you further find that the automobile in which plaintiff was riding was being.driven at such a rate of speed that it could not be stopped within the range of vision of the driver, then the driver of the automobile involved in this case was negligent, and if such negligence was the proximate cause, or contributed in the slightest degree to the proximate cause of the collision, you will return your verdict in favor of the defendant company."

There is no pleading upon which to base this instruction.

It is not charged that plaintiff's car could not have been stopped within the range of its driver's vision.

The refusal of the court to give the requested instruction last above quoted was not error.

The judgment of the lower court is affirmed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.